66 December 24, 2025 No. 1112

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES BRIAN HALFMOON, JR.,
*Defendant-Appellant.*

Malheur County Circuit Court
24CR53731, 24CR59311; A186406 (Control), A186407

Erin K. Landis, Judge.

Submitted November 14, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Lauren P. Robertson, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

In this consolidated case, defendant appeals judgments of conviction for giving false information to a peace officer in connection with a citation or warrant, ORS 162.385 (Case No. 24CR53731) and theft in the second degree, ORS 164.045 (Case No. 24CR59311). In Case No. 24CR59311, defendant was also charged with disorderly conduct, ORS 166.025, which was dismissed as part of a plea agreement. Defendant was sentenced, as agreed by the parties, to 90 days in jail with credit for time served, which included time served concurrently on other pending cases. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

Having reviewed the record, including the trial court file, the transcript of the hearings, and the *Balfour* brief, and taking into account our statutorily circumscribed authority to review, *see* ORS 138.105, we have identified no arguably meritorious issues. *See* ORS 138.105(5) ("The appellate court has no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest[.]"); ORS 138.105(9) ("The appellate court has no authority to review any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant.").

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.